UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT M. YONKER,<br><br>      Petitioner,<br><br> v.<br><br>E. BRADFORD BALES, et al.,<br><br>      Respondents. | Case No. C10-1902-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Scott M. Yonker submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 22, 2010.[1] Dkt. 1. He subsequently submitted an amended petition under 28 U.S.C. § 2254. Dkt. 7. The Court recommends the amended petition be **DENIED**, and the case be **DISMISSED** without prejudice because the state criminal proceedings underlying Mr. Yonker's claims are still pending.

## DISCUSSION

In both of his petitions, Mr. Yonker alleges violations of his constitutional rights in connection with criminal charges currently pending in King County case numbers 10-1-08446-7 KNT and 10-1-08331-2 KNT. Dkt. 1, Attch. A; Dkt. 7. The claims in the first petition appear to

---

[1] Mr. Yonker also had another habeas petition pending before the Court under cause number C10-1903-JCC. Because that habeas petition raised the same claims, the Court consolidated that case with the instant case. *See* Dkt. 11.

REPORT AND RECOMMENDATION- 1

be based on an email Mr. Yonker's defense lawyer received from the prosecutor. The email contained a plea offer and indicated the prosecutor would add additional charges if the offer was not accepted. *Id.*

In his amended petition, Mr. Yonker alleges that his speedy trial and due process rights were violated when the criminal trial court granted the prosecutor's request for a continuance beyond his "trial expiration date of 12-10-2010." Dkt. 7 at 1.

There are two reasons Mr. Yonker's petition must be dismissed. First, in absence of truly exceptional circumstances, the principles of comity and federalism dictate that a federal court should not interfere in pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).[2] Here, Mr. Yonker's amended petition indicates his criminal trial date was continued to a date after December 10, 2010. In light of the ongoing state court criminal proceedings, the Court is required under *Younger v. Harris* to abstain from exercising jurisdiction over Mr. Yonker's habeas petition.

Second, even if Mr. Yonker has since been convicted in state court, he cannot obtain federal habeas corpus relief unless he has exhausted all available state court remedies. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is intended to give the state courts the first opportunity to remedy a constitutional violation. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order to provide the state courts with the "opportunity" to consider a federal claim, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations omitted).

---

[2] *See also San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,* 546 F.3d 1087, 1092 (9th Cir. 2008); *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1148-49 (9th Cir. 2007).

REPORT AND RECOMMENDATION- 2

Mr. Yonker has not shown he has presented his federal habeas claims to the highest Washington State court for review. Rather, his petition demonstrates his criminal trial is still pending, or he was convicted sometime since December 10, 2010. Under these circumstances, the Washington State Supreme Court could not have had the opportunity to address his claims. Accordingly, Mr. Yonker's claims are not exhausted, and he cannot pursue them through a federal habeas petition at this time.

Although a pro se litigant is normally granted the chance to file an amended complaint to cure deficiencies, the failure to exhaust state remedies cannot be cured by amendment. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000); *see also* Rule 4 of the Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."). The Court therefore recommends this matter be dismissed without prejudice. If Mr. Yonker believes he has in fact exhausted his claims by presenting them to the Washington State Supreme Court, he should set forth his explanation as to that fact in his written objections to this Report and Recommendation, if any.

### CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003).

Under this standard, the Court finds that no reasonable jurist would conclude that Mr. Yonker is entitled to relief. Accordingly, the Court recommends a COA not be issued, and that pursuant to Rule 11 of the Rules Governing § 2254 Cases, the district court deny issuance of a COA if it dismisses this matter for failure to exhaust. Mr. Yonker should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, this Court recommends Mr. Yonker's habeas petition and this action be **DISMISSED** without prejudice and that issuance of a COA be **DENIED**. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of December, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4